Jonathan C. Smale, OSB #09-151
Field Jerger LLP
Email: jonathan@fieldjerger.com
621 SW Morrison St. #1225
Portland, OR 97205
Tel. (503) 228-9115
Fax (503) 225-0276
Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re: | ) | Case No.: 09-37855-rld11 |
|---|---|---|
| Marjorie Lorraine Duncan | ) ) ) | |
| Debtor, | ) ) ) ) ) | NOTICE OF DEBTOR'S MOTION FOR AN ORDER AUTHORIZING THE SALE OF REAL PROPERTY AND MOTION THEREON (Expedited Hearing Requested) |

Marjorie Lorraine Duncan, Debtor ("Duncan"), request entry of an order authorizing the sale of the real property pursuant to the attached purchase agreement. .

In support of this Motion, Debtor represents:

**THE PROPOSED SALE**

Debtor has entered into the Purchase Agreement ("Purchase Agreement") with Randy R. Sletten ("Buyer") attached as Exhibit A (Note, debtor is out of state and will return Monday to sign the Purchase Agreement.. Under the Purchase Agreement, subject to Court approval, Debtor intends to sell and Buyer intends to purchase certain real property and improvements commonly known as 12162 West Highway 16, Custer, South Dakota Custer, South Dakota, which is described more particularly in the Purchase Agreement ("Property"). Buyer has made an earnest money deposit of $300 ("Earnest Deposit") with the escrow agent.

Page 1 of 4
Application Employment
of Field Jerger LLP

Field Jerger LLP
621 SW Morrison St. #1225
Portland, OR 97205
Tel: (503) 228-9115
Fax: (503) 225-0276

Pursuant to the Purchase Agreement, the gross sale price of the Property is $27,000.00. Debtor estimates that the sale and closing costs will total less than $1,000. Debtor executed a $10,000 mortgage in favor of Robin Thompson, et al., c/o Mary Anderson ("Secured Party") pre-petition, however, that mortgage has not been recorded.[1] Debtor anticipates that the sale will result in net proceeds after payment of costs of approximately $26,000, $10,000 of which the Secured Party may be entitled to.

The property was marketed for sale by a local Custer, South Dakota residential broker pre-petition for a 120 day listing that commenced in August 2009, but did not result in any offers. The listing explicitly excluded any offers from the Buyer, who is unrelated to the Debtor but expressed interest in purchasing the property prior to the initial listing. Accordingly, no real estate commission is owed.

The accepted offer was procured through arms-length negotiations, and Debtor believes that the accepted offer, at this time, is the best offer that Debtor will receive for the Property. The property is 0.11 acres located in a rural area with an 800 square foot cabin on the property. The cabin is in poor condition and the property has been unoccupied since September 2009. The property's most recent tax assessed value is $32,760.00. Debtor has not obtained an independent appraisal of the property. The exterior of the property can be viewed at any time and if an interior inspection is requested, such inspection can be arranged by contacting the undersigned.

The sale of the Property to Buyer does not constitute a sale of substantially all of Debtor's assets.

---

[1] The Secured Party holds a second position deed of trust on the Debtor's real property located in Portland, Oregon and the Debtor granted the Secured Party the mortgage in the Custer, South Dakota property in exchange for an extension of date of the foreclosure sale of the Debtor's Portland, Oregon property.

Page 2 of 4
Application Employment
of Field Jerger LLP

Field Jerger LLP
621 SW Morrison St. #1225
Portland, OR 97205
Tel: (503) 228-9115
Fax: (503) 225-0276

Expenses and resulting from the sale of the Property will be paid at closing or as otherwise set forth in the Purchase Agreement. Property taxes for 2009 have been prepaid and any property taxes due for 2010 will be prorated to the date of closing based on 2009 taxes with Buyer receiving a credit for Seller's pro rata portion of the 2010 taxes. The sale will not generate capital gains taxes because the debtor is in the first two income brackets. Debtor is aware of no liens on the property. To the extent that any liens exist and are not paid at closing, such liens shall attach to the sale proceeds (net of closing costs) in the same order of priority that they attach to the Property. If there are any disputes as to the priority or payment of proceeds, including any disputes as to the Secured Party's entitlement to $10,000, the disputed amounts shall be held in trust pending resolution by the Court.

**Authority: Section 363(b)**

Pursuant to Section 363(b)(1) of the Bankruptcy Code, a debtor in possession "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." The property the Debtor seeks to sell is a residential dwelling formerly occupied by the Debtor's relatives and as such, the sale is not in the ordinary course of business. *In re Moix-McNutt*, 220 B.R. 631 (Bkrtcy.E.D.Ark.1998).

In determining whether to permit a debtor to sell property of the estate outside the ordinary course of business, pursuant to Section 363(b)(1), courts must determine whether the proposed sale has a valid business justification. *240 N. Brand Partners, Ltd. v. Colony GFP Partners, L.P.* (*In re 240 North Brand Partners, Ltd.*), 200 B.R. 653, 659 (9th Cir. B.A.P. 1996) (citing *Comm. of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F2d 1063, 1070 (2nd Cir. 1983)). Courts typically consider the following four factors in determining whether a proposed sale satisfies this standard: (a) whether a sound business justification exists for the sale,

Page 3 of 4
Application Employment
of Field Jerger LLP

Field Jerger LLP
621 SW Morrison St. #1225
Portland, OR 97205
Tel: (503) 228-9115
Fax: (503) 225-0276

(b) whether adequate and reasonable notice of the sale was given to interested parties, (c) whether the sale will produce a fair and reasonable price for the property and (d) whether the parties have acted in good faith. *See, e.g.*, *In re Weatherly Frozen Food Group, Inc.*, 149 B.R. 480, 483 (Bankr. N.D. Ohio 1992); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991). Courts generally conclude that parties have acted in good faith with respect to a proposed sale if the purchase price is adequate and reasonable and the terms of the sale are disclosed fully. *See, e.g.*, *In re Abbotts Dairies of Pa., Inc.*, 788 F. 2d 143, 149-50 (3rd Cir. 1986).

Here, Debtor has a substantial business justification for selling the Property outside the ordinary course of business before a plan of reorganization is confirmed. The Property is unoccupied and does not generate positive cash flow. Debtor has provided adequate and reasonable notice to all interested parties. The sale price of the property is fair and reasonable and proceeds will inure to the estate. Finally, the Debtor is acting in good faith because the purchase price is adequate and reasonable and the Debtor has disclosed the terms of the sale.

**Waiver of Stay**

Debtor requests that the order approving the sale become effective immediately upon its entry. Fed. R. Bankr. P. 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 10 days after entry of the order, unless the court orders otherwise." Although the rule is silent as to the circumstances eliminate or reduce the 10-day stay period, commentators suggest that the 10-day stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure." 10 Collier on Bankruptcy ¶ 6064.09 (2009 15th rev. ed.). Debtor submits that good

Page 4 of 4
Application Employment
of Field Jerger LLP

Field Jerger LLP
621 SW Morrison St. #1225
Portland, OR 97205
Tel: (503) 228-9115
Fax: (503) 225-0276

cause exists for the Court to waive the 10-day stay period under Bankruptcy Rule 6004(h) because the property is unoccupied and uninsured.

    WHEREFORE, Debtor requests that the Court enter an order approving the Purchase Agreement; authorizing the sale of the Property free and clear of all liens, claims, encumbrances and interests;

    Dated January 8, 2010.

/s Jonathan C. Smale
Jonathan C. Smale, OSB #09-151
Field Jerger LLP
Email: jonathan@fieldjerger.com
621 SW Morrison St. #1225
Portland, OR 97205
Tel. (503) 228-9115
Fax (503) 225-0276
Attorneys for Debtor

### Certificate of Service

On December 15, 2009, I served the foregoing document by mail and ECF filing on the following parties of record as follows:

**Via ECF**

CRAIG G RUSSILLO on behalf of Creditor Fairway America Corporation

crussillo@schwabe.com, dkinonen@schwabe.com;docket@schwabe.com

US Trustee, Portland

USTPRegion18.PL.ECF@usdoj.gov

Page 5 of 4
Application Employment
of Field Jerger LLP

Field Jerger LLP
621 SW Morrison St. #1225
Portland, OR 97205
Tel: (503) 228-9115
Fax: (503) 225-0276

**Via First Class Mail**

| | | |
|---|---|---|
| Kara Neville<br>Wells Fargo Financial<br>PO Box 98791<br>Las Vegas, NV 89193-8791 | Heather Englesroot<br>Alliance One<br>P.O. Box 2449<br>Gig Harbor, WA 98335-4449 | Robin Thompson, et al.<br>c/o Dick Stark, Esq.<br>Stark & Hammack PC<br>201 W Main Ste 1B<br>Medford OR  97501 |
| Michael Westernmeyer<br>Chase Visa<br>PO Box 13335<br>Buffalo, NY 14240 | ODR Bkcy<br>955 Center St NE<br>Salem, OR 97301-2555 | Recovery Management Systems Corporation<br>25 SE 2nd Avenue, Suite 1120<br>Miami, FL 33131 |
| Peter McCoy<br>3307 NW Franklin Court<br>Portland, OR 97210 | | |

Dated December 15, 2009.

       /s Jonathan C. Smale_____
       Jonathan C. Smale, OSB #09-151

Page 6 of 4
Application Employment
of Field Jerger LLP

Field Jerger LLP
621 SW Morrison St. #1225
Portland, OR 97205
Tel: (503) 228-9115
Fax: (503) 225-0276

Page 7 of 4
Application Employment
of Field Jerger LLP

Field Jerger LLP
621 SW Morrison St. #1225
Portland, OR 97205
Tel: (503) 228-9115
Fax: (503) 225-0276

## PURCHASE AGREEMENT

THIS PURCHASE AGREEMENT is made this day and year hereinafter written by and between the Seller, MARJORIE L. DUNCAN, a single person, of 5409 SW Scholls Fairy Rd., Apt. 26, Portland, OR 97225, hereinafter designated as "SELLER"; and RANDY R. SLETTEN, of 25141 Bear Rock Road, Custer, SD 57730, hereinafter designated as "BUYER".

The purpose of this agreement is to fix the terms and conditions whereby Seller hereby sells and Buyer hereby purchases the property described as follows, to wit:

N1/2 of Tract Potato, Section 27, Township 3 South, Range 4 East
of the Black Hills Meridian, Custer County, South Dakota.

The total consideration is to be $27,000.00. Buyer has paid earnest money in the amount of $300.00 to Custer Title Company Real Estate Trust.
Buyer understands and agrees that the above earnest money payment is irrevocable and is not subject to Buyer's contingency of any kind. In the event the Buyer shall not complete the purchase as herein agreed, the Seller may elect to declare the earnest money as liquidated damages. Seller shall also have the option of requiring specific performance of this agreement and shall be entitled to all of the remedies provided by the laws of the State of SD.

It is mutually agreed that closing shall be not later that 14 days after bankruptcy court approval, provided that said date may be extended not to exceed 30 days; and time shall be of the essence of this agreement.

Seller covenants that she has good and merchantable title to the subject property, and Seller shall thereupon convey good and merchantable title to Buyer by a Warranty Deed conveying said property is free of all encumbrances, liens or special assessments. Seller further covenants to agree to provide Buyer with a policy of title

insurance, insuring marketable title in the Buyer, free and clear of any and all liens of encumbrances, which shall be conclusive evidence as to Seller's record title. An owner's policy of Title Insurance in the amount of the purchase price will be furnished with cost to be paid by Seller.

All 2009 real estate taxes shall be paid by the Seller at the time of closing. The 2010 real estate taxes shall be prorated to date of closing based upon the actual 2009 taxes with Buyer receiving a credit at closing for Seller's pro rata portion of the 2010 taxes.

Escrow/closing fee is to be divided equally between Seller and Buyer.

If a survey is required, it is the responsibility of Buyer.

Buyer shall have possession at closing.

This agreement is binding upon the parties hereto and their heirs, executors, administrators, successors and assigns.

Dated this _____ day of _____, 2010.

_____
MARJORIE L. DUNCAN

STATE OF OREGON    )
                   ) SS
IN THE COUNTY OF_____)

On this the _____ day of _____, 2010, before me the undersigned officer, personally appeared MARJORIE L. DUNCAN, known to me or satisfactorily proven to be the person, whose name is subscribed to the within instrument and acknowledged that she executed the same for the purposes therein contained.

_____
Notary Public,

My Commission Expires:
_____
(SEAL)

Dated this __8th__ day of __JAN - 2010__.

_____
RANDY R. SLETTEN

STATE OF SOUTH DAKOTA  )
                       ) SS
IN THE COUNTY OF CUSTER )

On this the __8__ day of __January__, ~~2009~~ 2010, before me the undersigned officer, personally appeared RANDY R. SLETTEN, known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained.

_____
Notary Public

[SEAL: GEORGIA BACON, NOTARY PUBLIC, State of South Dakota]

My Commission Expires: My Commission Expires September 25, 2012
_____
(SEAL)